UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEY NICHOLS, | ] |
| Plaintiff, | ] **3:09-cv- 187 RLY -WGH** |
| V. | ] CASE NO: 3:09-cv-____ |
| | ] (Demand for Jury Trial Stated Herein) |
| WALMART SUPERCENTER STORE #1263, and WAL-MART STORES EAST, LP, and Larry Marshall, individually and in his Capacity as store manger, and Mike Holder, individually and in his Capacity as supervisor. | ] |
| Defendants. | ] |

## COMPLAINT AT LAW

### OVERVIEW OF CASE AND CONTROVERY

1. This is a civil action for deprivation of civil rights in employment as well as for the intentional infliction of emotional distress resulting from said deprivation wherein the Plaintiff, Ashley Nichols (hereinafter "Nichols") asks this Court for a monetary judgment against the Defendants, Walmart Supercenter Store #1263, Wal-Mart Stores East, LP, and Larry Marshall, individually and in his capacity as store manager, and Mike Holder, individually and in his capacity as supervisor (hereinafter "Defendants"), for intentional discrimination under Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, et. seq., and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964.

### PARTIES

2. Nichols is the Plaintiff in this case and controversy. Nichols is a female citizen of the United States of America and State of Indiana. Nichols is domiciled in Evansville, Indiana; within the jurisdictional limits of the United States District Court for the Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

3. Walmart Supercenter Store #1263, is a Defendant in this case and controversy. Walmart Supercenter Store #1263, is the assumed name of the business, whose legal name is Wal-Mart Stores East, LP, a Foreign Limited Partnership created on November 16, 2001, and the nexus or hub for Walmart Supercenter Store #1263 business activities is Evansville, Indiana. Walmart Supercenter #1263, under the legal name of Wal-Mart Stores East, LP continues to be an active Foreign Limited Partnership. The nexus or hub for Walmart Supercenter Store #1263, whose legal name is Wal-Mart Stores East, LP, business activities are within the jurisdictional limits of the United States District Court for the Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

4. Larry Marshall, is a Defendant in this case and controversy. Larry Marshall, is an employee of Walmart Supercenter Store #1263/Wal-Mart Stores East, LP. Larry Marshall is employed as the Store Manager of the Walmart Supercenter Store #1263/Wal-Mart Stores East, LP under a Foreign Limited Partnership. Larry Mashall's job duties as the Store Manager are to conduct business activities for the Walmart Supercenter Store #1263/Wal-Mart Stores East, LP and are within the jurisdictional limits of the United States District Court for the Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

5. Mike Holder is a Defendant in this case and controversy. Mike Holder is an

employee of Walmart Supercenter Store #1263/Wal-Mart Stores East, LP. Mike Holder is employed as a Supervisor at the Walmart Supercenter Store #1263/Wal-Mart Stores East, LP, under a Foreign Limited Partnership. Mike Holder's job duties as a Supervisor are to conduct business activities for the Walmart Supercenter Store #1263/Wal-Mart Stores East, LP and are within the jurisdictional limits of the United States District Court for the Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

## JURISDICTION AND VENUE

6. Nichols brings this action against the Defendants to redress the deprivation of the well-established rights secured to her by Title VII of Civil Rights Act of 1964, i.e. discrimination under the Americans with Disabilities Act ("ADA") 42 U.S. C. § 12101, et. seq. and wrongful termination, in violation of the Title VII of the Civil Rights Act of 1964, and intentional infliction of emotional distress.

7. Nichols is a citizen of the United States of America and State of Indiana. The Defendants are either citizens of or corporate citizens of the State of Indiana operating under a Foreign Limited Partnership. The matter in controversy exceeds the sum of $250,000.00 exclusive of interest and costs.

8. The United States District Court for the Southern District of Indiana has jurisdiction over this case and controversy pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 42 U.S.C § 12101, et. seq. and Title VII of the Civil Rights Act of 1964.

9. Nichols also invokes the supplemental jurisdiction of the United States District Court for the Southern District of Indiana over Nichols' claim for intentional

infliction of emotional distress, a pendant state law claim, pursuant to 28 U.S.C. § 1367, as the common law claim forms part of the same case and controversy.

10. Venue is proper in the Evansville Division of the United States District Court for the Southern District of Indiana pursuant to 28 U.S. C. § 1391.

## EXHAUSTION OF ADMINSTRATIVE PROCEDURES

11. Nichols timely filed with the Equal Opportunity Commission (hereinafter "EEOC") a charge of discrimination against the Defendants. EXHIBIT A. Nichols received a notice of the right to sue from the EEOC and, within 90 days of receiving notice of her right to sue, Nichols is filing this original complaint in this case and controversy. EXHIBIT B. 42 U.S.C. § 2000e-5(f)(l).

## COUNT I
## DISCRMINATION UNDER TITLE VII

### ALL DEFENDANTS

12. Nichols incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 11 immediately above.

13. Nichols is a female employee protected under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e(f); and, brings the allegations contained in this Count against all named Defendants in this case and controversy.

14. The Walmart Supercenter Store #1263/Wal-Mart Stores East, LP are employers within the meaning of Title VII of the Civil Rights Act of 1964. Nichols was employed by

Defendants Walmart Supercenter Store #1263/Wal-Mart Stores East, LP. 42 U.S.C. § 2000e(b). Nichols worked as a sales associate at the store located at 401 N. Burkhardt Road in Evansville, since October 14, 2004.

15.     The Defendants intentionally discriminated against Nichols in violation of Title VII of the Civil Rights Act of 1964 by subjecting Nichols to discrimination beginning in December 2008, in that Nichols received treatment wholly different than her previous years of employment. On certain occasions, her Supervisor Mike Holder had been trying to have Nichols run a cash register which is clearly a job that she could not do, nor had she done in the past. Nichols had numerous conversations with the Store Manager Larry Marshall who informed her that there were other positions that she could do instead of cash register given her mental disability.

16.     The Defendants, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP did not exercise reasonable care to prevent and cure allegations Discrimination, The Defendant, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP and the Store Manager ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct. On one of several occasions, Nichols was told by the Store Manager that she could do other jobs instead of the cash register, however the Store Manager did not made no remedial actions or efforts against the Supervisor.

## COUNT II
## DISABILITY DISCRIMINATION UNDER TITLE VII

### ALL DEFENDANTS

17.     Nichols incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 16 immediately above.

18.     The Defendants intentionally discriminated against Nichols in violation of the

Americans with Disabilities Act ("ADA") Title VII of the Civil Rights Act of 1964 by subjecting Nichols to discrimination, by ignoring complaints regarding her inability to perform a particular job due to her disability. Nichols immediate supervisor tried to force her to perform a particular job that she was unable to perform because of her disability. She complained of this behavior to the Store Manager, who again informed her that there were other jobs that she could do. In retaliation by her supervisor, he changed her set schedule of hours making it very difficult for her to get to work. Such abuse was directed specifically towards Nichols. No remedial action were taken to correct this harassment even after management was made aware of the situation and had an opportunity to remedy the same.

19. The Defendants, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP did not exercise reasonable care to prevent and cure allegations of discrimination. The Defendant, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

## COUNT III
## WRONGFUL TERMINATION UNDER TITLE VII

### ALL DEFENDANTS

20. Nichols incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 19 immediately above.

21. The Defendants intentionally discriminated against Nichols in violation of Title VII of the Civil Rights Act of 1964 by terminating her employment.

    a. Specifically, that she was terminated from her job on February 1, 2009.

    b. That Nichols was told she was terminated due to not running a cash register.

      c.    That there are other employees who employed by the Defendants, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP, whom do not and are not required to run a cash register, and whom are still employed with the Defendants.

## COUNT IV
## INTENTIAL INFLICTION OF EMOTIONAL DISTRESS

### ALL DEFENDANTS

22.    Nichols incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 21 immediately above.

23.    The Defendants, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP owed a duty to Nichols to adequately supervise and oversee the conduct of all its employees and agents and to provide employment and a work environment free from discrimination. The remaining Defendants (employees) owed a duty to refrain from intentionally causing Nichols emotional distress. Nichols brings the allegations contained in this Count against all named Defendants in this case and controversy.

      a.    Nichols was terminated from her employment for allegedly failing to perform a specific duty, although she had numerous conversations with the Store Manager, Larry Marshall and the her Supervisor, Mike Holder, and she followed all protocols, and there are other employees of the Defendants, who are not required to perform specific job duties, she was terminated.  Such conduct has resulted in substantial emotional distress in that Nichols lost her job, and has been unable to obtain other employment in the field.. Nichols' inability to otherwise obtain suitable employment in this profession has caused her significant financial strain, which has undoubtedly caused significant emotional distress.

24.    The Defendants' intentional discrimination against Nichols is in violation of Title

VII of the Civil Rights Act of 1964 was extreme, outrageous, wholly unjustified thereby causing Nichols to suffer emotional distress for which all of the Defendants are liable.

## DAMAGES

25. As a direct and proximate result of the Defendants' conduct, Nichols suffered the following injuries and damages:

   a. Nichols was discharged from employment with the Defendant, Walmart Supercenter Store #1263/Wal-Mart Stores East, LP. Although Nichols has diligently sought other comparable employment, Nichols has been unable to find a job. In addition, Nicholsincurred expenses in seeking other employment, has been in severe emotional distress due to the loss of this position, and her inability to obtain other employment in this field.

   b. Nichols suffered damage to Nichols credit due to the loss of her job, and the inability to find replacement work with comparable pay and benefits.

   c. Nichols suffered damage to her name and reputation.

   d. Plaintiff suffered mental anguish and emotional distress and is entitled to recover both compensatory and exemplary damages as a result thereof.

## ATTORNEY FEES



26. Nichols is entitled to an award of attorney fees and costs under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5(k).

## JURY TRIAL DEMAND

27. Nichols respectfully requests a jury trial for any and all issues so triable.

## PRAYER

**WHEREFORE,** Nichols requests the United States District Court for the Southern District of Indiana, Evansville Division to enter judgment in favor of Nichols and against the Defendants for all of there relief requested above a swell as for any and all additional and other relief the Court may deem just and proper in the circumstances.

Respectfully submitted,

_____
John Andrew Goodridge, Esq. IN Atty#19359-65
ATTORNEY AT LAW
915 Main Street, Suite 208
Evansville, IN 47708
Telephone: (812) 426-0482
Facsimile: (812) 426-2211
Email: jgoodridge@jaglo.com


Marcella M. Day, Esq., IN Atty#24847-49
GROVES & DAY, LLP
312 First Street
Henderson, KY 42420
Telephone: (270) 826-1740
Facsimile: (270) 826-5807
Email: mday@grovesday.com

Attorneys for Plaintiff, Ashley Nichols